IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS T. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-488-JFH-DES |
| | ) |
| DURA-LINE LLC, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMENDATION

This matter comes before the Court on Defendant, Dura-Line, LLC's ("Defendant") Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 37(b) and 41(b), for Plaintiff's failure to comply with Court Orders. (Docket No. 9). On December 12, 2025, United States District Judge John F. Heil, III referred this case to Magistrate Judge D. Edward Snow for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636. (Docket No. 20). For the reasons set forth below, the undersigned Magistrate Judge recommends Defendant's Motion to Dismiss be GRANTED.

I.   Background

Plaintiff, Thomas T. Davis, ("Plaintiff"), brought his initial cause of action against Defendant alleging claims of race discrimination and retaliation under Title VII and Section 1981 in Pittsburg County, OK on May 6, 2022 (herein after "First Action"). (*See* Case No. 22-cv-224-RAW-GLJ, Docket No. 2-1). Because the nature of the claims involved a federal question and the parties were diverse, Defendant appropriately removed the First Action here to the Eastern District of Oklahoma. *Id.* at Docket No. 2. Due to Plaintiff's failure to meet critical discovery obligations, Defendant moved for dismissal with prejudice and other sanctions in the First Action on July 14, 2023. *Id.* at Docket No. 29. On August 3, 2023, Plaintiff filed an Opposed Motion to Dismiss his

1

claims without prejudice. *Id.* at Docket No. 33. In a Report and Recommendation filed on August 16, 2023 ("the Order") Magistrate Judge Gerald L. Jackson recommended that Plaintiff's Motion to Dismiss be granted, but further recommended the dismissal without prejudice be subject to the following conditions on refiling:

> 1. Plaintiff shall provide written discovery responses and requested documents for production, without objection, to the discovery already served within ten days of refiling the case;
> 2. Plaintiff shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case; and
> 3. Should Plaintiff refile this case and fail to meet the above conditions, the Court should, upon motion by Defendant, convert this dismissal into a dismissal with prejudice.

*Id.* at Docket. No. 37. On November 15, 2023, District Judge Ronald A. White adopted and affirmed Judge Jackson's Report and Recommendation. *Id.* at 40.

On November 4, 2024, Plaintiff refiled his suit, again in Pittsburg County, Oklahoma, which was promptly removed to the Eastern District of Oklahoma on the basis of federal question and diversity grounds. (Docket No. 2). Based on the Order, Plaintiff was required to provide Defendant with the written discovery responses and requested documents for production within ten days (10) of refiling his suit. (Docket No. 9 at 2). Based on the filing date of November 4, 2024, ten (10) days would have been November 14, 2024; however, Plaintiff did not provide any discovery responses until November 19, 2024. *Id.* at 3. Furthermore, Defendant argues that the discovery responses provided by Plaintiff were deficient and failed to comply with the Order. *Id.* at 4. Accordingly, Defendants seek dismissal with prejudice pursuant to Fed. R. Civ. P. 37(b) and 41(b), for Plaintiff's failure to comply with the Order.

**II.   Analysis**

Under Fed. R. Civ. P. 37(b)(2), if a party fails to obey an order to provide or permit discovery the court has broad discretion to impose sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d

916, 918 (10th Cir. 1992). Fed. R. Civ. P. 41(b) also authorizes this Court to dismiss an action for a party's failure to comply with the Federal Rules of Civil Procedure. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks and citation omitted).

Under Tenth Circuit precedent, before dismissing a complaint as a sanction the Court should consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; 4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal citations omitted); *see also Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184, 1187 (10th Cir. 2002) ("dismissal as a sanction under . . . [Fed. R. Civ. P.] 37(b)(2)(C) should ordinarily be evaluated under" the *Ehrenhaus* factors); *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and]... involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

Both Plaintiff and Defendant agree that the *Ehrenhaus* factors should be considered; however, Plaintiff fails to even analyze these factors in his favor. Instead, Plaintiff's only arguments against the Motion to Dismiss are that Plaintiff has complied with the discovery responses but Defendant "simply does not like the answers," and that the discovery responses were timely under state law. (Docket No. 12 at 4). These arguments are unpersuasive and wholly fail to

acknowledge the Order of this Court. Moreover, applying the *Ehrenhaus* factors, the undersigned Magistrate Judge finds dismissal of Plaintiff's complaint with prejudice is warranted.

    A.  Actual Prejudice to the Defendant

Plaintiff argues that actual prejudice to the Defendant does not exist because, "Plaintiff has complied Defendant simply does not like the answers." (Docket No. 12 at 4). However, as Defendant argues, the record shows that Plaintiff failed to meaningfully engage in discovery throughout the first action, which deprived Defendant of obtaining information and evidence necessary to prepare its defense. (Docket No. 13 at 3). In fact, it was Plaintiff's failure to participate in the discovery process, despite clear Court orders to do so, that prompted the dismissal of the First Action and the award of monetary sanctions. *See* Case No. 22-cv-224-RAW-GLJ, Docket No. 36 at 3-4. Accordingly, this Court dismissed the First Action with a clear directive that any refiling must be accompanied with responsive discovery within ten (10) days from refiling. *Id.* at Docket. No. 37. Rather than comply with the Court's order and provide Defendant with responsive discovery, Plaintiff instead reformatted the exact same discovery responses with minimal and unproductive changes. (Docket No. 9 at 4). This continued failure to comply with the Order is particularly egregious in light of the fact that Plaintiff had "over a year to prepare meaningful and responsive supplemental discovery responses to the discovery requests that were initially served on Plaintiff on March 23, 2023." (Docket No. 13 at 3). Accordingly, the undersigned Magistrate Judge finds the first *Ehrenhaus* factor favors dismissal.

    B.  Interference with the Judicial Process

The undersigned Magistrate Judge also finds that Plaintiff's actions, both in this case and in the First Action, clearly demonstrate interference with the judicial process to such an extent that dismissal with prejudice is recommended. Throughout the First Action, Defendant had to seek

4

continuations of the discovery deadlines in an attempt to obtain evidence to aid in its defense and to avoid prejudice from Plaintiff's refusal to provide such evidence. (Docket No. 13 at 4). These motions required the Court to issue multiple orders in an unsuccessful attempt to compel Plaintiff's discovery responses. Moreover, despite clear directive from the Court, Plaintiff continues to fail to meaningfully participate in discovery. As discussed above, the discovery responses that Plaintiff submitted had no material changes from the responses submitted in the First Action. Because Plaintiff failed to supplement his discovery responses upon refiling as he was ordered to do, Plaintiff has clearly interfered with the judicial process. Accordingly, the undersigned Magistrate Judge finds this factor also weighs in favor of dismissal with prejudice.

    C.  Culpability of the Litigant

Plaintiff alone is responsible for his failure to comply with his obligations in this matter. Plaintiff was clearly notified of his obligation to "provide written discovery responses and requested documents for production, without objection, to the discovery already served within ten days of refiling the case" and Plaintiff failed to do so. Plaintiff's explanation for refiling in State Court rather than Federal Court indicates that it was neither inadvertent nor due to an inability to comply because it was a "strategic decision." (Docket No. 12 at 2). As Defendant argues, Plaintiff's failure to comply is willful and heavily weighs in favor of dismissal. (Docket No. 13 at 7). *See M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872–73 (10th Cir. 1987) (A willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."). Plaintiff is culpable for his conduct. Accordingly, the third factor also weighs in favor of dismissal.

D. Whether the Court Warned the Party

Plaintiff was clearly put on notice that dismissal was the likely sanction for noncompliance with the Court's Order.  The Court Order specifically states that "[s]hould Plaintiff refile this case and fail to meet the above conditions, the Court should, upon motion by Defendant, convert this dismissal into a dismissal with prejudice." Case No. 22-cv-224-RAW-GLJ, Docket. No. 37 at 7. Additionally, Defendant's Motion to Dismiss further constitutes notice of potential dismissal. *See Smith v. City and Cnty. of Denver*, No. 07-cv-00154-WDM-BNB, 2009 WL 485163, at *3 (D.Colo. 2009) (finding defendants' warning to plaintiff in their motion to dismiss was adequate); *see also Gross v. General Motors LLC*, 441 F.App'x 562, 565 (10th Cir. 2011) (constructive notice sufficient to satisfy the notice element of the *Ehrenhaus* factors). Thus, Plaintiff was warned in advance that dismissal of his case was a possibility in the event that he did not comply with the Court's Order. Accordingly, the fourth factor weights in favor of dismissal.

E. Efficacy of Lesser Sanctions

The undersigned Magistrate Judge finds that no lesser sanction or monetary sanction would have any effect on Plaintiff. The undersigned Magistrate Judge is aware that this is not the first time Plaintiff has unnecessarily delayed the proceedings in this matter by refusing to engage meaningfully in discovery. "It would be pointless to impose any lesser sanction on [Plaintiff], who has repeatedly failed to comply with the rules of the court, failed to communicate with his counsel, and failed to advance this case." *Anderberg v. Sitewise Corp.*, No. 15-cv-00501-CBS, 2016 WL 1090021, at *3 (D. Colo. Mar. 21, 2016). Plaintiff's counsel was already sanctioned and ordered to pay attorney fees amounting to $3,490.00 due to Plaintiff's failure to participate in the discovery process. *See* Case No. 22-cv-224-RAW-GLJ, Docket. No. 39. Since Plaintiff's counsel has yet to pay the fees he was ordered to pay (Docket No. 13 at 3), the undersigned Magistrate Judge does

not believe additional monetary sanctions will coerce cooperation from Plaintiff. Accordingly, the fifth factor weighs in favor of dismissal.

### III.   Conclusion

Based on the foregoing analysis, the record establishes that Plaintiff failed to comply with the explicit conditions imposed by the Court upon refiling, including the requirement to provide complete, objection-free discovery responses within ten days, and instead submitted late and deficient materials that merely replicated prior inadequate responses. Applying the *Ehrenhaus* factors, the undersigned Magistrate Judge finds that Defendant has suffered actual prejudice, the judicial process has been substantially disrupted, Plaintiff is solely culpable for the noncompliance, Plaintiff was expressly warned that dismissal with prejudice would result from such failure, and no lesser sanction would be effective given Plaintiff's repeated disregard of discovery obligations and prior monetary sanctions. Accordingly, dismissal with prejudice under Fed. R. Civ. P. 37(b) and 41(b) is warranted, and the undersigned Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 8th day of January, 2026.

_____
D. Edward Snow
United States Magistrate Judge